Lawrence Z. Lorber (DC Bar No. 103127)
Marvin M. Goldstein (not admitted in DC)
Steven Yarusinsky (not admitted in DC)
PROSKAUER ROSE LLP
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, D.C. 20004-2533
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL TRIMMING,<br>7911 Sandalfoot Drive,<br>Potomac, Maryland 20854<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN BRYEN,<br>9525 Clement Road,<br>Silver Spring, Maryland 20910<br><br>Defendant. | Civil Action No.<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Michael Trimming ("Trimming"), through his undersigned counsel, Proskauer Rose LLP, for his Complaint against Defendant, Stephen Bryen ("Bryen"), alleges and says:

### JURISDICTION AND VENUE

1. This Court has diversity jurisdiction under 28 U.S.C. § 1332. This action involves parties who are citizens of a State and citizens or subjects of a foreign state, and the amount in controversy exceeds the sum or value required by this Court, exclusive of interest or costs.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events and/or omissions giving rise to Trimming's claims for relief arose in the District of Columbia.

## THE PARTIES

3. Trimming was the President, Vice-Chairman and Director of Engineering of Oto Melara North America, Inc. ("Oto Inc."), a Delaware corporation with its headquarters located at 1101 15th Street, N.W., Suite 630, Washington, D.C. 20005. Trimming is a citizen of Great Britain and temporarily resides at 7911 Sandalfoot Drive, Potomac, Maryland 20854.

4. Bryen is, and at all relevant times was, the President of Finmeccanica Inc. and a member of the Board of Directors of Oto Inc. Bryen is a citizen of the state of Maryland and, upon information and belief, currently resides at 9525 Clement Road, Silver Spring, MD 20910.

5. Finmeccanica Inc. is a Delaware corporation with its headquarters located at 1101 15th Street, N.W., Suite 630, Washington, D.C. 20005.

## FACTUAL BACKGROUND

6. Upon information and belief, on or about December 19, 2005, Bryen sent an email communication addressed to Pier Francisco Guarguaglini, Carlo Alberto Iardella, Avv Gigante, Mr. Zappa and Mr. DeBenedictus.

7. Upon information and belief, Bryen's email contained false and defamatory statements regarding Trimming, including, but not limited to, false, outrageous and defamatory remarks regarding Trimming's harming and/or killing individuals during his service in the South African Navy.

8. Upon information and belief, Bryen sent similar defamatory emails regarding Trimming to Pier Francisco Guarguaglini, Carlo Alberto Iardella, Avv Gigante, Mr. Zappa, Mr. DeBenedictus and others.

9. Trimming has been damaged as a result of Bryen's defamatory actions and is entitled to actual, compensatory, and punitive damages, as well as other damages to be determined at trial, together with pre-judgment and post-judgment interest.

## FIRST COUNT
### (Defamation)

10. Trimming repeats and realleges each of the allegations heretofore pled in Paragraphs 1 through 9.

11. Bryen made false and defamatory statements regarding Trimming in email communications.

12. Bryen published the false and defamatory statements, without privilege, to Pier Francisco Guarguaglini, Carlo Alberto Iardella, Avv Gigante, Mr. Zappa and Mr. DeBenedictus.

13. In so doing, Bryen has subjected Trimming to contempt and ridicule, and has diminished the esteem, respect, goodwill and confidence in which Trimming is held.

14. The third parties who viewed the emails understood the defamatory statements regarding Trimming.

15. Bryen published the defamatory statements maliciously, with knowledge of their falsity or with reckless disregard as to the falsity of the statements.

16. The statements made by Bryen are actionable as a matter of law based on their inherently defamatory nature.

17. As a proximate result of Bryen's publication and broad distribution of the defamatory emails, Trimming suffered significant and irreparable injury, in the form of severe damage to his business and personal reputation, and severe emotional distress.

18. Trimming, therefore, is entitled to compensatory damages and punitive damages to remedy his injuries.

## SECOND COUNT

### (Libel *per se*)

19. Trimming repeats and realleges each of the allegations heretofore pled in Paragraphs 1 through 18.

20. Bryen made false and defamatory statements regarding Trimming in email communications.

21. Bryen published the false and defamatory statements, without privilege, to Pier Francisco Guarguaglini, Carlo Alberto Iardella, Avv Gigante, Mr. Zappa and Mr. DeBenedictus.

22. In so doing, Bryen has subjected Trimming to contempt and ridicule, and has diminished the esteem, respect, goodwill and confidence in which Trimming is held.

23. The third parties who viewed the emails understood the defamatory statements regarding Trimming.

24. Bryen published the defamatory statements maliciously, with knowledge of their falsity or with reckless disregard as to the falsity of the statements.

25. The statements made by Bryen are actionable as a matter of law based on their inherently defamatory nature.

26. The statements made by Bryen were libelous *per se* because of their direct and unavoidable tendency to injure Trimming in his business and reputation.

27. As a proximate result of Bryen's publication and broad distribution of the defamatory emails, Trimming suffered significant and irreparable injury, in the form of severe damage to his business and personal reputation, and severe emotional distress.

28. Trimming, therefore, is entitled to compensatory damages and punitive damages to remedy his injuries.

**WHEREFORE**, Trimming respectfully requests that the Court:

1. Grant Trimming final judgment against Bryen for all actual, compensatory, and punitive damages, as well as other damages to be determined at trial, together with pre-judgment and post-judgment interest.

2. Grant Trimming final judgment against Bryen for all allowable costs, attorneys' fees, and other litigation expenses to the extent recoverable under applicable law.

3. Grant Trimming such other and further relief that the Court deems may be just, equitable, and proper.

4. Trimming demands a trial by jury.

Dated: March 29, 2006

PROSKAUER ROSE, LLP

By: /s/ Lawrence Lorber
Lawrence Lorber, Esq.
Marvin M. Goldstein, Esq.
Steven Yarusinsky, Esq.
1001 Pennsylvania Avenue, NW
Suite 400 South
Washington, D.C. 20004-2533
202.416.6800
Attorneys for Plaintiff
Michael Trimming